URBANEC et al. v. JEZIK.

No. 10827.

Court of Civil Appeals of Texas. Galveston.

June 15, 1939.

No brief was filed in Court of Civil Appeals in behalf of either party.

GRAVES, Justice.

This appeal is from an order, dated June 24, 1938, of the County Court of Wharton County, Texas, dissolving a temporary injunction awarded June 10, 1938, in favor of appellants, A. F. Urbanec and John Konvicka, Jr., against appellee, Jos. J. Jezik, restraining enforcement of the judgment rendered in that court in a forcible entry and detainer suit, filed February 23, 1938, by appellee in the Justice Court of Wharton County and appealed to the county court by appellee, which judg-

ment awarded appellee possession of the following described property, to-wit: "24 by 40 feet out of Lot No. 5, in Block 2, in the L. Pietzsch Addition to the town of East Bernard"; the appeal having been prosecuted to this Court under R.S. Article 4662.

The property involved in the forcible entry and detainer suit was leased by appellee to appellant A. F. Urbanec for a period of five years beginning with December 1, 1933, and expiring November 30, 1938, for a rental of $5 per month, payable in advance. Upon express compliance with all the terms and conditions of the lease, appellant was to have the option at the expiration of the five-year period of renewing the lease for another period of five years. Appellant, under the terms of the lease, also had the right to sub-let the property, which he did to John Konvicka, Jr., who, at the time this injunction suit was instituted, had been operating a filling-station on it for approximately three years. The lease further provided: "Fourth. That on failure to pay the rents in advance, as aforesaid, or to comply with any of the foregoing obligations, or in violation of any of the following covenants, the lessor may declare this lease forfeited at his discretion and his agent or attorney shall have the power to enter and hold, occupy and repossess the entire premises hereinbefore described, as before the execution of these presents."

There is nothing in this record to show upon what grounds appellee obtained judgment in his forcible entry and detainer suit. No statement of facts in that suit, nor in the suit at bar, is presented to this Court, nor is there otherwise any showing made as to what the facts were upon which judgment was entered, upon motion of appellee, dissolving the temporary injunction.

Judgment in the forcible entry and detainer suit having become final, motion for new trial attacking that judgment having been overruled, and no appeal therefrom having either been taken or perfected, thereby making res adjudicata all issues therein involved, and no showing having been made in this Court that it was invalid for any reason, all presumptions of law being in favor of its validity, and the lease in question having expired by its own terms on November 30 of 1938, it is not made to appear that the trial court in any way abused its discretion in

so dissolving the temporary injunction; there is in consequence nothing left for this court to do but affirm the action so taken by the court below; it will be so ordered.

Affirmed.